**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1919**

CHARLES PILGER,

               Plaintiff – Appellant,

      v.

D. M. BOWMAN, INC.,

               Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:10-cv-00597-WDQ)

Submitted: May 26, 2013          Decided: May 31, 2013

Before MOTZ and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas S. Gill, THOMAS S. GILL, P.C., Frederick, Maryland, for Appellant. Stanley J. Reed, Julie A. Reddig, LERCH, EARLY & BREWER, Bethesda, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles Pilger appeals the district court's orders: (1) entering summary judgment for Defendant on Pilger's Family Medical Leave Act (FMLA) claim; and (2) entering judgment for Defendant in accordance with a jury's verdict on Pilger's claim that he was terminated from employment in violation of the Age Discrimination in Employment Act (ADEA). We affirm.

With respect to Pilger's claim of a violation of the FMLA, we have reviewed the record and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Pilger v. D.M. Bowman, Inc., No. 1:10-cv-00597-WDQ (D. Md. July 3, 2011).

We reject Pilger's claim that the district court erred in instructing the jury as to liability under the ADEA. A district court is "necessarily vested with a great deal of discretion in constructing the specific form and content of jury instructions." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1293 (4th Cir. 1995). "Instructions will be considered adequate if construed as a whole, and in light of the whole record, they adequately inform the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Rowland v. Am. Gen. Fin., Inc., 340 F.3d 187, 191 (4th Cir. 2003) (internal quotation marks and alterations omitted). "We review challenges to jury instructions for abuse

2

of discretion." Id. Flawed jury instructions will not result in reversal absent a showing that the error seriously prejudiced the challenging party. Id.

Here, we discern no abuse of discretion in the court's instructions, which, when considered in their entirety, fully and correctly informed the jury of the applicable law and were neither misleading nor confusing. In particular, there was no error in instructing the jury that Pilger had to prove that his age was "the reason" that he was fired. See Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 176 (2009) (stating that in ADEA cases, the plaintiff must show that "age was the 'reason' that the employer decided to act").

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3